**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric David Forbes,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-19-05609-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Eric David Forbes ("Plaintiff")'s appeal of the Social Security Administration's denial of his application for disability insurance benefits (Doc. 1). The Administrative Law Judge ("ALJ")'s decision is remanded.

## BACKGROUND

On February 24, 2015, Plaintiff filed an application for a period of disability and Social Security Disability benefits, alleging disability beginning January 17, 2013. His claims were denied initially and upon reconsideration. Plaintiff then requested a hearing before an ALJ. The ALJ conducted a hearing on the matter and issued a written decision denying benefits on September 19, 2018. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his request for review. This appeal followed.

In evaluating whether Plaintiff was disabled, the ALJ undertook the five-step sequential evaluation for determining disability.[1] After establishing that Plaintiff had not

---

[1] Disability claims are evaluated using a five-step sequential analysis. 20 C.F.R. § 404.1520. At step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or

engaged in substantial gainful activity since his alleged onset date of disability (step one), the ALJ determined that Plaintiff had severe medically determinable impairments, including Lance Adams syndrome, chronic obstructive pulmonary disease, unspecified neurocognitive and anxiety disorders, and history of cardiac arrest, hypoxia, and induced coma (step two). At step three, the ALJ concluded that Plaintiff's impairments did not meet or medically equal the criteria of a presumptively disabling impairment. The ALJ then determined that Plaintiff could not perform any past relevant work (step four). However, at step five, the ALJ drew upon vocational expert testimony and found that Plaintiff was not disabled because he could perform at least a reduced range of sedentary work, citing addresser, surveillance system monitor, and order clerk as representative unskilled sedentary occupations.

## I.     Standard of Review

In an appeal from an ALJ's decision, a reviewing federal court will address only the issues raised in the appeal. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. (quotation omitted). It is "more than a scintilla but less than a preponderance." *Id*. (quotation omitted). As the ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities, *see Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion," *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). "[T]he court may not substitute its

---

combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant can perform her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the residual functional capacity ("RFC") to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

**II.     Analysis**

Plaintiff argues the ALJ did not properly evaluate the medical opinions of record because the ALJ did not defer to the opinion of Plaintiff's treating physicians Dr. Srivadee Oravivattanakul and Dr. Eric Foltz, and that even if the ALJ properly concluded that Dr. Foltz and Dr. Oravivattanakul's opinions were not entitled to controlling weight, the ALJ erred by failing to properly weigh the opinions consistent with the factors in 20 C.F.R. § 404.1527.

When presented with conflicting medical opinions, an ALJ "must determine credibility and resolve the conflict." *Batson*, 359 F.3d at 1195. A treating physician's opinion is generally given more weight than a non-treating physician's opinion. *See* 20 C.F.R. § 404.1527. However, "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." *Thornsberry v. Astrue*, No. 10-CV-2459 JLS WVG, 2012 WL 628238, at *3 (S.D. Cal. Feb. 27, 2012), *aff'd sub nom. Thornsberry v. Colvin*, 552 F. App'x 691 (9th Cir. 2014). In addition, an ALJ may reject opinions of treating physicians if they are not "well-supported" or if they are inconsistent with other substantial evidence in the record, so long as the ALJ provides "'specific and legitimate reasons' supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). By "summariz[ing] the facts and conflicting clinical evidence in detailed and thorough fashion, stating his interpretation and making findings," the ALJ will meet the standard required, even if he "d[oes] not recite the magic words, 'I reject [the treating physician's] opinion . . . because . . .'" *Magallanes v. Bowen*, 881 F.2d 747, 755, 757 (9th Cir. 1989). The findings of a nontreating, nonexamining physician can amount to substantial evidence if other evidence in the record supports those findings. *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).

However, even when "there is substantial evidence contradicting a treating

physician's opinion such that it is no longer entitled to controlling weight, the opinion is nevertheless 'entitled to deference.' To determine the amount of deference, the opinion 'must be weighed using all of the factors provided in 20 C.F.R. [§] 404.1527.'" *Elgrably v. Comm'r of Soc. Sec. Admin.*, No. CV-17-04760-PHX-JAT, 2018 WL 5264074, at *8 (D. Ariz. Oct. 23, 2018) (quoting *Weiskopf v. Berryhill*, 693 F. App'x 539, 541 (9th Cir. 2017)). Those factors include: the length of the treatment relationship and the frequency of examination by the treating physician; the nature and extent of the treatment relationship between the patient and the treating physician; the amount of relevant evidence supporting the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; the specialty of the physician providing the opinion; and "[o]ther factors," such as the degree of understanding a physician has of the Social Security Administration's disability programs and their evidentiary requirements and the degree of her familiarity with other information in the case record. *Id.*

Here, the ALJ accorded reduced weight to Plaintiff's treating physicians based on specific and legitimate reasons supported by substantial evidence in the record. The ALJ found that Dr. Foltz's January 4, 2016 opinion limiting Plaintiff to standing and walking for no more than two hours was not supported by Plaintiff's "positive response to treatment for Lance-Adams syndrome, his only occasional complaints of dyspnea on exertion, and the lack of objective notes of drowsiness," and that Dr. Foltz's opinion regarding Plaintiff's interpersonal relations was "less" than "somewhat" supported because Plaintiff "has generally been noted as pleasant and cooperative and reported no problems getting along with others." (Doc. 12-3 at 57.) The ALJ did not credit Dr. Foltz's August 19, 2015 and September 17, 2015 opinions that Plaintiff could not work any hours in an eight-hour workday because they were contradicted by Dr. Foltz's own subsequent opinion that Plaintiff could work eight hours in an eight-hour workday. In according "some" weight to Dr. Foltz's opinion, the ALJ did not "substitute . . . his own interpretation of the medical evidence for the opinion of medical professionals," *Velasquez v. Berryhill*, 2017 WL 2273191 at *3 (C.D. Cal. May 23, 2017); rather, he relied upon objective medical evidence

in the record, such as the opinions of examining healthcare providers Paul Bendheim, M.D., Robert Gordon, D.O., Jefferey Levison, M.D., and Rupal Mohan, P.C., none of whom concluded that Plaintiff's limitations would keep him from working altogether.

The ALJ also appropriately accorded reduced weight to Dr. Oravivattanakul's opinion that Plaintiff could not engage in competitive full-time employment. Even though the ALJ agreed with Dr. Oravivattanakul's suggestion that "significant limitations arise from [Plaintiff's] impairment and medication side effects," he reasoned that Dr. Oravivattanakul's conclusion that Plaintiff could not work was an issue reserved to the Commissioner. 20 C.F.R. § 404.1527 ("Opinions on some issues, such as [whether a petitioner meets the statutory definition of disability], are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner. . . . We will not give any special significance to the source of an opinion on issues reserved to the Commissioner."); *see also McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) ("A treating physician's evaluation of a patient's ability to work may be useful or suggestive of useful information, but a treating physician ordinarily does not consult a vocational expert or have the expertise of one."). Moreover, the ALJ noted that Dr. Oravivattanakul's opinion was contradicted by the second opinion of Dr. Foltz and the opinion of Dr. Bendheim, an examining clinician, and that her opinion was "somewhat undermined by [Plaintiff's] favorable response to treatment for Lance-Adams syndrome" and the fact that her opinion did not include specific functional limitations. (Doc. 12-3 at 57.) Indeed, Dr. Oravivattanakul's opinion is somewhat conclusory, stating tersely after providing a summary of Plaintiff's symptoms and the side effects of his medication that "[d]ue to the symptoms, patient is unable to [sic] full time, competitive work." (Doc. 12-11 at 167.)

This case is like *Valentine v. Commissioner of the Social Security Administration*, in which the ALJ "identified a contradiction in [the treating physician's] opinion" and "noted evidence in the record . . . that showed [the plaintiff's] 'improved functioning at work['] . . . and encouraging comments he received from company officials," consistent with the opinions of an examining physician and an evaluating physician. 574 F.3d 685,

692–93 (9th Cir. 2009). The *Valentine* court found that the ALJ rejected the treating physician's opinion "for specific and legitimate reasons supported by substantial evidence." *Id.* As in *McLeod v. Astrue*, 640 F.3d 881, 884 (9th Cir. 2011), although both treating physicians in this case concluded that Plaintiff is suffering from a challenging medical condition "based on his symptom reports, their examinations, and objective medical tests," Dr. Foltz "thought [Plaintiff] could do sedentary work, and Dr. [Oravivattanakul] thought [Plaintiff] could not work at all." And like in *McLeod*, "[a]s for the ALJ rejecting Dr. [Oravivattanakul's] opinion on whether [Plaintiff] could work at any job . . . this determination is for the Social Security Administration to make, not a physician." *Id.* As did the ALJs in *Valentine* and *McLeod*, the ALJ in Plaintiff's case accorded reduced weight to Plaintiff's treating physicians based "'specific and legitimate reasons' supported by substantial evidence in the record." *Lester*, 81 F.3d at 830.

Nevertheless, in rejecting Dr. Foltz's first opinion and Dr. Oravivattanakul's opinion, the ALJ erred in his "fail[ure] to apply the appropriate factors in determining the extent to which the opinion[s] should be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017). Unlike in *Trevizo*, in which the court noted that that the ALJ "did not offer 'specific and legitimate' reasons for rejecting [the primary treating physician's] opinion" and "pointed to nothing in [the primary treating physician's] treatment notes or elsewhere in the clinical record that contradicted the treating physician's opinion," here, the ALJ appropriately demonstrated that the treating physicians' opinions were "'inconsistent with the other substantial evidence in [Plaintiff's] case record,' such that [they] should not be given dispositive weight, 20 C.F.R. § 404.1527(c)(2).'" *Id.* at 676–77. But, as the *Trevizo* court noted, the fact that ALJ did not consider factors such as the length of the treating relationship, the frequency of examination, or the nature and extent of the treatment relationship in evaluating either opinion "alone constitutes reversible legal error." *Id.* at 676; *see also* 20 C.F.R. § 404.1527(c)(2) ("When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this

section in determining the weight to give the medical opinion."). Thus, although the ALJ properly provided specific and legitimate reasons for rejecting the treating physicians' opinions, the Court must remand for the ALJ to properly determine the level of deference that should be accorded the opinions of Dr. Foltz and Dr. Oravivattanakul in light of the explicit consideration of *all* the factors in 20 C.F.R. § 404.1527.

## CONCLUSION

The ALJ decision to accord reduced weight to the opinions of Plaintiff's treating physicians is not "unsupported by substantial evidence or based on legal error." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the ALJ erred by failing to consider all the 20 C.F.R. § 404.1527 factors in determining the level of deference afforded those opinions.

**IT IS THEREFORE ORDERED** that the ALJ's decision is **REMANDED** for the ALJ to properly conduct this balancing and determine the level of deference that should be accorded the opinions of Dr. Foltz and Dr. Oravivattanakul in light of the explicit consideration of *all* the factors in 20 C.F.R. § 404.1527.

Dated this 31st day of July, 2020.

_____
G. Murray Snow
Chief United States District Judge